742

■　In the Matter of the Estate of GOTHLIEB KITTELBERGER, Deceased. GLADYS JUDD et al., Appellants; FRANK D. BERTCH et al., Respondents. — Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Monroe Surrogate's Court denying a motion by the Judd family for an order dropping Frank D. Bertch as a party to the proceeding insofar as same affects his claim arising out of his option.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

■　In the Matter of the Estate of GOTHLIEB KITTELBERGER, Deceased. GLADYS JUDD et al., Appellants; CENTRAL TRUST COMPANY, ROCHESTER, as Executor and Trustee of GOTHLIEB KITTELBERGER, Deceased, et al. Respondents. — Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Monroe Surrogate's Court denying a motion for an examination before trial.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

■　In the Matter of the Estate of GOTHLIEB KITTELBERGER, Deceased. GLADYS JUDD et al., Appellants; PHILIP LIEBSCHUTZ et al., Respondents. — Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Monroe Surrogate's Court granting a motion for an order permitting the employment of Management Planning, Inc., as appraisers.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

■　CATHERINE LUCISANO, as Administratrix of the Estate of DOMENIC LUCISANO, Deceased, Appellant, v. CHARLES R. WELLS, Respondent. — Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the credible evidence. All concur. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■　MYRTLE M. WORDEN, as Administratrix of the Estate of LOUIS G. WORDEN, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Motion No. M-4007.) — Order insofar as appealed from reversed and matter remitted to the Court of Claims to exercise its original discretion as to whether, under all the circumstances disclosed by the record, late filing should be permitted. Memorandum: We believe that the Court of Claims erred in holding that the time had not expired within which respondent could file a claim as of right. In the view which that court took of the case, it was not called upon to exercise its discretion in determining whether late filing of a claim should be permitted (Court of Claims Act, § 10, subd. 5) and it clearly did not do so. Since the discretion is that of the Court of Claims (*Roswal* v. *State of New York*, 279 App. Div. 815), subject to review by this court, the order should be reversed and the matter remitted to the Court of Claims to exercise its original discretion in determining whether, under all the circumstances disclosed by the record, late filing should be permitted. All concur. (Appeal from part of an order of the Court of Claims providing that the denial of claimant's application for permission to file a claim should be without prejudice to future motions or proceedings.) Present — McCurn P. J., Vaughan, Kimball, Williams and Bastow, JJ. [2 Misc 2d 955.]