BARRY PERKINS et al., Respondents, v JOHN R. KEARNEY, Appellant.

Third Department, April 5, 1990

APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski (Susan M. Dibella* of counsel), for appellant.

*Donald A. Campbell* for respondents.

OPINION OF THE COURT

WEISS, J.

Plaintiffs commenced this action on August 28, 1987 to recover for personal injuries and derivative losses allegedly resulting from defendant's care and treatment of plaintiff Barry Perkins (hereinafter plaintiff) on or about October 8, 1984 in connection with a cataract operation on his left eye. Following service of an amended complaint and completion of discovery, defendant moved (a second time) for summary judgment dismissing the complaint as time barred. The only issue presented is whether the allegations in the amended complaint sound in medical malpractice, governed by the 2½-year time limitation *(see,* CPLR 214-a), or simple negligence, in which the three-year Statute of Limitations applies *(see,* CPLR 214). Supreme Court denied defendant's motion, holding that allegations of inadequate supervision following the operation and lack of due care may be discerned by the trier of the fact on the basis of common knowledge and, therefore, sound in negligence.

Because medical malpractice is simply one form of negligence, conduct may be deemed malpractice rather than negligence when it "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" *(Bleiler v Bodnar,* 65 NY2d 65, 72). Put another way, whether an action sounds in medical malpractice or simple negligence may be determined by the nature of the duty to the plaintiff which is alleged to have been breached by the defendant *(supra).* "When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence" *(Stanley v Lebetkin,* 123 AD2d 854).

In both their amended complaint and their brief, plaintiffs seek to emphasize a breach of a duty of instruction, training, education and supervision of defendant's staff which would have enabled rendition of proper care to plaintiff, citing to this court's decision in *Zellar v Tompkins Community Hosp.* (124 AD2d 287). We cannot agree. Essentially, the amended complaint, bill of particulars and affidavit by plaintiffs' attorney in opposition to the motion all allege *defendant's* failure to properly treat and care for plaintiff. All allegations are

directed to the doctor's breach of duty of proper care and treatment of plaintiff which cannot be determined without expert testimony, which distinguishes a cause of action for simple negligence from the more particularized theory of medical malpractice *(see, supra,* at 288). Plaintiffs challenge and assess the adequacy of the supervision, training and treatment requirements of those who assist or are subordinate personnel. The functions of these personnel constitute an integral part of the process of rendering medical treatment and allegations of inadequacy do not remove or change their roles from that of medical malpractice to simple negligence *(see, Scott v Uljanov,* 74 NY2d 673, 675).*

This action, having been commenced more than 2½ years after plaintiff's treatment by defendant, was time barred and should have been dismissed.

CASEY, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.

---

* Supreme Court's reliance upon *Scott v Uljanov* (140 AD2d 830) has become untenable by the Court of Appeals reversal (74 NY2d 673).