(March 11, 1991)

■ HAROLD BERGER, Individually and as Administrator of the Estate of SITTA BERGER, Deceased, Respondent, v STATE OF

NEW YORK et al., Appellants. (Claim No. 73367.)—In an action, *inter alia,* to recover damages for wrongful death caused by alleged medical malpractice, the defendants appeal from so much of an order of the Court of Claims (Blinder, J.), entered April 17, 1989, as granted that branch of the claimant's cross motion pursuant to Court of Claims Act § 10 (6) which was for leave to file a late claim to recover damages for negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion pursuant to Court of Claims Act § 10 (6) which was for leave to file a late claim to recover damages for negligence is denied.

The claimant's wife (hereinafter the decedent) was 76 years old when, on January 8, 1986, she was admitted to the defendant State University of New York, Downstate Medical Center (hereinafter Downstate) for treatment of a recurring and painful back condition. Due to her chronic back pain, the decedent had apparently become addicted to prescription pain medication. On the first day of her hospitalization, a Downstate psychiatrist recommended that the administration of narcotics to the decedent be terminated for a period of 24 hours so that she could be monitored for symptoms of withdrawal. These symptoms did manifest themselves and it was determined by hospital personnel that the decedent should be placed in restraints to control her physical agitation. Additionally, Haldol was administered to treat her withdrawal symptoms.

At some time during the period that the decedent was being restrained, she developed breathing difficulties and became cyanotic. Oxygen was administered and the decedent's color improved. However, within a period of six hours, further complications set in leading to respiratory arrest and by 11:00 P.M. on January 11, 1986, the decedent had passed away. As no autopsy was performed by the defendant hospital, no exact cause of death was ever determined. Possible causes of death listed in the decedent's hospital record included aspiration or a pulmonary embolism.

On March 21, 1986, the claimant was appointed administrator of the decedent's estate. On or about June 16, 1986, 156 days after his wife's death, the claimant served a verified notice of intention to file a claim as required by Court of Claims Act § 10. The instant action was commenced on or about July 31, 1986, with the service of a verified claim advancing three causes of action. The first was to recover

damages for wrongful death based on the defendants' alleged medical malpractice. The second cause of action sounded in negligence and medical malpractice and sought to recover damages, *inter alia,* for conscious pain and suffering. In the third cause of action, the claimant sought recovery for loss of consortium as a result of the death of his wife.

The defendants the State of New York and Downstate interposed a verified answer generally denying the allegations advanced in the claimant's verified claim. In addition the defendants asserted as a first affirmative defense that the claimant's second cause of action was untimely pursuant to Court of Claims Act § 10 (3) as the claimant had not served a notice of intention to file this negligence and malpractice claim within 90 days after the accrual of his cause of action. As a second affirmative defense the defendants asserted that the claimant's third cause of action did not state a cause of action upon which relief could be granted as a claim of loss of consortium did not lie in a wrongful death action against the State. Thereafter, the defendants moved to dismiss the claimant's second and third causes of action for the above-stated reasons.

The claimant opposed the defendant's motion arguing, *inter alia,* that the tolling provisions of Court of Claims Act § 10 (2) pursuant to which the wrongful death cause of action was timely, should also be applicable to the second and third causes of action. However, in the alternative, and possibly recognizing the merit in the defendants' reply argument that the wrongful death toll was applicable only to wrongful death causes of action *(see, Barrett v State of New York,* 161 AD2d 61; *DeFilippis v State of New York,* 157 AD2d 826), on November 16, 1988, the claimant made the instant cross motion for leave to file a late claim.

In support of the cross motion the claimant argued that pursuant to the relevant considerations mandated by Court of Claims Act § 10 (6), he should be permitted to file a late claim. Furthermore, he asserted that his proposed amended verified claim should be construed as sounding in negligence (in which case it would be timely pursuant to the three-year Statute of Limitations contained in CPLR 214) and not in medical malpractice (in which case it would be time-barred pursuant to the two-and-one-half year medical malpractice Statute of Limitations set forth in CPLR 214-a). The claimant's proposed amended verified claim was virtually identical to his original verified claim except that it alleged only negligence and omitted the allegations of medical malpractice contained in

the original claim, and the basis of the alleged negligence revolved around the defendants' use of body restraints. The second cause of action set forth in the amended claim, however, was to recover damages for pain and suffering predicated upon both negligence and malpractice.

In opposition the defendants argued that the amended claim still sounded in medical malpractice and that the claimant's attempts to characterize it as sounding in general negligence was but a "ploy" to circumvent the bar of the two-and-one-half year Statute of Limitations applicable to medical malpractice actions.

The court granted the defendants' motion to dismiss the second and third causes of action set forth in the original claim, but simultaneously granted the claimant leave to serve and file his amended claim. Although acknowledging that any claims sounding in medical malpractice were time-barred, the court nevertheless granted the claimant's cross motion "as to a cause of action predicated on general negligence". The defendants now appeal from so much of the order as granted the claimant's cross motion to the extent indicated. We reverse the court's order insofar as appealed from.

Pursuant to Court of Claims Act § 10 (6), a claimant who has failed to file a timely claim or notice of intention to file a claim may, nevertheless, in the discretion of the court (see, Hansen v State of New York, 135 AD2d 606), be permitted to file a late claim, but only if the underlying cause of action is not time-barred by the applicable Statute of Limitations contained in CPLR article 2 (see, Matter of Welch v State of New York, 71 AD2d 494; Sessa v State of New York, 63 AD2d 334, affd 47 NY2d 976; Muscat v State of New York, 103 Misc 2d 589). Concomitantly, the failure to file a timely claim or notice of intention to file a claim divests the Court of Claims of jurisdiction (see, Hernandez v State of New York, 144 AD2d 167; Matter of Welch v State of New York, supra; see also, Buckles v State of New York, 221 NY 418), and thus, the court does not possess the discretion to reinstate time-barred causes of action pursuant to Court of Claims Act § 10 (6) (cf., Relyea v State of New York, 59 AD2d 364; see, Matter of Sarlat v State of New York, 119 Misc 2d 369). We note that the instant case is distinguishable from the situation presented in Matter of Iazzetta v State of New York (105 Misc 2d 567), because there the court permitted the amendment of a timely interposed claim under the relation back doctrine of CPLR 203 (e) to include related causes of action which would have been time-barred at the time of the amendment. In the instant case the

amended claim, to the extent that it asserts a claim in medical malpractice is untimely pursuant to CPLR 214-a, and the original claim was also untimely and jurisdictionally defective pursuant to Court of Claims Act § 10 (3) as the claimant did not file his notice of intention to file that claim within 90 days after the accrual of the cause of action. Therefore, as the claimant's notice of intention to file his original claim grounded in negligence and medical malpractice was untimely to sustain his amended claim, it is essential that the amended claim be susceptible of the construction that it asserts allegations of general negligence as opposed to medical malpractice. We cannot afford such a construction to this claim.

The decedent was admitted into the defendant hospital for treatment of her back pain. She was treated by physicians and hospital staff who apparently decided in an exercise of their medical judgment, that a need existed to determine to what extent, if any, the decedent was addicted to certain pain killing drugs. When her addiction became obvious, these medical professionals ordered that she be placed in restraints. It was during this period that she passed away, either due to a pulmonary embolism or as a result of aspirating her own vomitus. Whatever the exact cause of death might have been, it is clear to us that the claimant's amended claim is grounded in medical malpractice and not general negligence *(see, Scott v Uljanov,* 74 NY2d 673).

" 'The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience' " *(Kerker v Hurwitz,* 163 AD2d 859, *amended on other grounds* 166 AD2d 931; *Miller v Albany Med. Center Hosp.,* 95 AD2d 977, 978). When the duty which is allegedly breached arises from the physician-patient relationship or is substantially related to medical treatment the resulting cause of action is one for medical malpractice *(see, Perkins v Kearney,* 155 AD2d 191; *Stanley v Lebetkin,* 123 AD2d 854).

In the instant case we are satisfied that the basis of the claimant's purported negligence cause of action " 'bears a substantial relationship to the rendition of medical treatment by a licensed physician' " *(Scott v Uljanov,* 74 NY2d 673, 675, *supra,* quoting *Bleiler v Bodnar,* 65 NY2d 65, 72). Indeed, the decedent was admitted to a hospital for medical treatment

and was placed in restraints to prevent injury during her period of withdrawal from prescription medications. While the record before us does not identify the doctors who prescribed this course of treatment, the record does reveal that a Downstate psychiatrist ordered the cessation of medicine and that this withholding of medication caused a hospital staff member to order the use of body restraints which, the claimant alleges, contributed to his wife's demise. Quite clearly, the instant case turns on the propriety of these medical decisions and thus, constitutes a cause of action sounding in medical malpractice *(see, Fox v White Plains Med. Center,* 125 AD2d 538), and not general negligence *(compare, Huntley v State of New York,* 62 NY2d 134; *Coursen v New York Hospital-Cornell Med. Center,* 114 AD2d 254).

Accordingly, as the crux of the claimant's purported negligence cause of action is actually medical malpractice and the claim was not interposed within two and one-half years of the accrual of the cause of action, the Court of Claims did not possess the discretion to grant the claimant leave to file a late claim.

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Harwood, Miller and Ritter, JJ., concur.