■ MARK McCLURG, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 82137.) [613 NYS2d 71] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1983, claimant's dermatologist, Dr. Fuad Farah, performed a biopsy on a "blotchy brown spot" beneath claimant's right ear. Dr. Farah sent the specimen to State University Hospital Upstate Medical Center (Upstate) for a pathological examination to rule out malignant melanoma. Upstate's report, initialed by three physicians employed by Upstate, two of whom were Board Certified Pathologists, identified the specimen as a "foreign body granulomatous inflammation", a non-cancerous condition that did not require further treatment. Six years later, claimant sought treatment for a rapidly growing mole that developed where the brown spot had been. A biopsy of the mole revealed that claimant had melanoma, an invasive form of skin cancer. When the slides examined by Upstate were re-examined, they showed that there was a melanoma present in 1983. The physician who re-examined the 1983 slides concluded that "no two Board Certified Pathologists could have erroneously examined these slides, ruled out malignant melanoma and concurred in a diagnosis of 'granulomatous inflammation' ". Since discovering the melanoma, claimant has undergone surgery, "vaccine therapy" and radiation therapy. On January 18, 1991, claimant brought this claim against the State, asserting causes of action in medical malpractice, negligent misrepresentation and fraud.

In moving for summary judgment, the State conceded that Upstate's pathology report was erroneous and that the State's

doctors misread the report and submitted an erroneous diagnosis. The State contends, however, that the Court of Claims erred in denying its motion for summary judgment dismissing claimant's fraud cause of action. We agree. The conduct of Upstate alleged to be fraudulent, i.e., physicians having initialed the report without having reviewed the slides, is not separate and apart from the malpractice itself; it is one of the acts or omissions constituting Upstate's malpractice. Further, claimant failed to establish that the physicians who initialed the report knew the pathology report to be false and made material misrepresentations to claimant or, in the alternative, that they intended to deceive claimant by not disclosing the melanoma *(see, Rizk v Cohen,* 73 NY2d 98, 105-106; *Eagleston v Mt. Sinai Med. Ctr.,* 144 AD2d 427, 429, *lv denied* 74 NY2d 601; *cf., Simcuski v Saeli,* 44 NY2d 442, 451-452). For the same reason, the court properly dismissed so much of the claim as may be read to state a cause of action for negligent misrepresentation *(see, Perkins v Kearney,* 155 AD2d 191).

Defendant was not equitably estopped from raising the defense of the Statute of Limitations. There is no indication in the record "of fraud, misrepresentation, deception, or intentional concealment on defendant's part to entitle [claimant] to invoke the doctrine of equitable estoppel" *(Smith v Cutson,* 188 AD2d 1034, *lv denied* 81 NY2d 707; *see, Siegel v Wank,* 183 AD2d 158, 160, n 2).

We reject the contention that claimant's malpractice cause of action was timely because damages could not be ascertained until October 25, 1990, when claimant first learned that the 1983 slides revealed a melanoma. A cause of action for medical malpractice "must be commenced within two years and six months of the act, omission or failure complained of" (CPLR 214-a). Accrual of a cause of action for malpractice generally commences when the negligent act is committed *(Nykorchuck v Henriques,* 78 NY2d 255, 258). When the Legislature changed the period of limitations in medical malpractice causes of action, it did so "as a matter of policy to limit the extent of liability in medical malpractice claims [by adopting] a more stringent Statute of Limitations (CPLR 214-a; L 1975, ch 109, § 6)" *(Simcuski v Saeli,* 44 NY2d 442, 453, *supra).* Although it has been held in the context of certain actions against the State that a claim under Court of Claims Act § 10 (3) accrues when damages can be ascertained, rather than the date the injury occurred *(see, e.g., Waterman v State of New York,* 19 AD2d 264, *affd sub nom. Williams v State of New York,* 14 NY2d 793), that rule has not been extended to

medical malpractice causes of action *(see, e.g., Berger v State of New York,* 171 AD2d 713).

Finally, the Court of Claims properly denied claimant's motion for summary judgment. (Appeals from Order of Court of Claims, Margolis [Israel], J.—Summary Judgment.) Present —Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.