■ In the Matter of PETER BARRESI, Appellant, v STATE OF NEW YORK, Respondent. [649 NYS2d 207] —Spain, J. Appeal from an order of the Court of Claims (Benza, J.), entered June 26, 1995, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

In early 1992 claimant, while matriculating as a student at the State University of New York at Albany (hereinafter SUNY), experienced pain in his scrotum/scrotal area and lower back. Claimant reviewed a pamphlet which had been distributed by the SUNY Health Center which described the symptoms of testicular cancer and indicated how to perform a self-examination. Upon self-examination claimant discovered a pea-sized lump on his left testicle. Claimant went to the SUNY Health Center on April 27, 1992 and informed the nurse on duty of his symptoms and fears. Claimant was then seen by a physician's assistant, to whom he also relayed his complaints including the lump which he had found earlier that morning during the self-examination. The physician's assistant examined claimant's testicles and informed him that everything was normal. Prior to his graduation in 1994 claimant returned to the SUNY Health Center on only one other occasion for treatment of a cold.

Thereafter, claimant continued to experience the symptoms described in the pamphlet and, in or about February 1995, began to experience episodes of cold sweats and fatigue; he consulted a urologist in March 1995 and then saw several other physicians for treatment of the left testicular mass which was subsequently determined to be metastatic testicular germ cell carcinoma. Claimant underwent a radical left orchiectomy in March 1995 and, in approximately May 1995, underwent additional surgery to remove a possibly cancerous enlarged retroperitoneal lymph node; he subsequently underwent chemotherapy and radiation therapy.

On April 26, 1995, claimant moved for leave to serve a late notice of claim against the State. The proposed notice of claim set forth two causes of action: the first claim alleged, *inter alia*, ordinary negligence (failure to hire and train competent medical personnel who were instructed regarding, and who followed, the proper protocol for taking histories, diagnosing testicular cancer and referring patients with complaints suggestive of cancer), and the second claim alleged medical malpractice (vicarious liability for the State employees' deviation from applicable standards of care [i.e., failure to recognize early signs

of testicular cancer and to arrange for examination by a physician]). The Court of Claims denied the motion on the ground that the proposed claims sounded entirely in medical malpractice for which the Statute of Limitations had passed prior to claimant's filing of his motion for leave to serve a late notice of claim. Subsequently, the court granted claimant's motion for reargument but adhered to its original determination. Claimant appeals.

Initially, we reject claimant's contention that the "discovery rule" theory of claim accrual to his stated medical malpractice cause of action should apply herein. The Court of Appeals has held that the discovery rule should not be extended beyond the limited instances provided for by the Legislature (*see, Matter of Steinhardt v Johns-Manville Corp.*, 54 NY2d 1008, 1011, *amended* 55 NY2d 802, *appeal dismissed, cert denied* 456 US 967; *Schwartz v Heyden Newport Chem. Corp.*, 12 NY2d 212, *amended* 12 NY2d 1073, *cert denied* 374 US 808) and, in our view, the circumstances of this matter do not warrant an extension beyond those limited instances. Accordingly, we agree with the Court of Claims that April 27, 1992 is the accrual date, that claimant's notice of motion for leave to serve a late notice of claim was beyond the 2¹/₂-year time period within which to file a cause of action for medical malpractice (*see,* CPLR 214-a), and, finally, that the Court of Claims properly determined that it had no jurisdiction to grant the relief sought by claimant with regard to the second cause of action based solely on the theory of medical malpractice (*see, Berger v State of New York*, 171 AD2d 713, 716).

However, we disagree, in part, with the Court of Claims' determination regarding claimant's first cause of action. It is well settled that "[c]onduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician'" (*Scott v Uljanov*, 74 NY2d 673, 674-675, quoting *Bleiler v Bodnar*, 65 NY2d 65, 72). "'The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts'" (*Smith v Pasquarella*, 201 AD2d 782, 783, quoting *Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 978). Notably, the Court of Appeals in *Bleiler v Bodnar (supra)* found that the allegation of a nurse's failure to take a proper medical history is a medical malprac-

tice claim but that claims against the hospital for improper/ inadequate hiring practices and administrative procedures (i.e., failing to use due care in the selection of competent medical personnel and failing to promulgate and enforce proper procedures and regulations requiring taking medical histories and referring patients to appropriate persons) are negligence causes of action. Further, this Court has found that allegations of inadequate instruction, training, education and supervision of a defendant physician's staff are essentially malpractice allegations regarding the defendant's failure to properly treat and care for the plaintiff: "[t]he functions of these personnel constitute an integral part of the process of rendering medical treatment and allegations of inadequacy do not remove or change their roles from that of medical malpractice to simple negligence" (*Perkins v Kearney*, 155 AD2d 191, 193).

In our view, claimant's allegations regarding the failure to train the SUNY Health Center employees subsequent to the decision to hire them and regarding the failure of the State-employed nurse to follow a de facto protocol to ensure proper diagnosis and treatment by referring patients with particular symptoms to appropriate specialized physicians are grounded in medical malpractice (*see, Smith v Pasquarella, supra,* at 783; *Perkins v Kearney, supra*). However, the portions of claimant's first cause of action, which allege that the State (1) failed to provide/hire/staff competent medical personnel and (2) failed to promulgate rules, regulations, protocols and procedures regarding referrals, are firmly based in negligence and should not have been classified as medical malpractice causes of action or deemed time barred by the $2^1/_2$-year Statute of Limitations (*see, Bleiler v Bodnar,* 65 NY2d 65, *supra; Matter of Bates v New York City Health & Hosps. Corp.,* 194 AD2d 422, 423; *De Leon v Hospital of Albert Einstein Coll. of Medicine,* 164 AD2d 743, 747-749).

Accordingly, the Court of Claims' failure to review the substantive portion of claimant's application for permission to file a late notice of claim warrants remittal. The Court of Claims must determine in its discretion, subject to review by this Court, whether to grant claimant's application (*see, Scalise v State of New York,* 210 AD2d 916, 917; *Worden v State of New York,* 4 AD2d 742).

Crew III, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held certain portions of claimant's stated negligence cause of action—(1) failure to provide/hire/staff competent medical personnel and (2) failure

to promulgate rules, regulations, protocols and procedures regarding referrals—to sound in medical malpractice; matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.