OPINION OF THE COURT
Philip J. Patti, J.
On June 15, 1994, claimant was charged by New York State Trooper Mario Castillo with the crimes of assault in the third degree (Penal Law § 120.00) and endangering the welfare of a child (Penal Law § 260.10) for an incident involving his wife and daughter. After a jury trial held on February 11, 1995, claimant was convicted of the assault charge in the Justice Court, Village of Millbrook, and was found not guilty on the endangering charge. As a result of the conviction, the court sentenced claimant to a three-year term of probation, fined him $500 required his attendance in a program for domestic violence, and issued a three-year order of protection prohibiting contact between him and his estranged wife. Thereafter, on September 26, 1996, the Appellate Term of the Supreme Court unanimously reversed the conviction, dismissed the underlying information, and directed the remittance of the fine.
On December 13, 1996, claimant commenced this proceeding asserting causes of action for alleged violations of his rights under the New York State Constitution, specifically those rights enumerated in article I, § 6 (Due Process Clause), § 11 (Equal Protection Clause), and § 12 (Search and Seizure Clause). The alleged wrongs relate to the investigation, arrest and prosecution of the underlying criminal charges. The defendant has not interposed an answer but rather, by this motion, seeks dismissal pursuant to CPLR 3211 (a) (2) and Court of Claims Act § 10.
Defendant, while acknowledging that the Court of Claims has "general jurisdiction” to hear "constitutional tort” claims arising under the State Constitution, requests dismissal of the claim on the basis that it was not served and filed within 90 days of accrual as required by Court of Claims Act § 10. Defendant contends that the alleged acts of misconduct occurred as early as June 15, 1994, when claimant was charged, but not later than February 11, 1995, when claimant was convicted. The latest possible date of accrual, defendant urges, is February 11, 1995, and inasmuch as the claim was not filed or served until December 13, 1996, it is untimely.
*1004 Claimant, on the other hand, argues first that he could not maintain a suit for the alleged civil rights violations before reversal of his conviction on September 26,1996. Second, claimant contends that his civil rights claims accrued on November 19, 1996, when the Court of Appeals rendered its decision in Brown v State of New York (89 NY2d 172). Claimant asserts that prior to that decision no court had subject matter jurisdiction to entertain State constitutional tort claims. Consequently, he argues that his causes of action accrued on that date and that his claim was timely filed.
In Brown (supra), the Court of Appeals held that the State could be held liable for actions of its employees which are violative of individual rights under the Search and Seizure and Equal Protection Clauses of the New York State Constitution. The Court further held that the Court of Claims’ statutory jurisdiction to hear claims against the State of New York "for the torts of its officers and employees” (Court of Claims Act §§ 8, 9) encompassed these causes of action. (Brown v State of New York, at 194.)
While prior to Brown (supra) this court consistently held that it lacked jurisdiction to hear such claims, I find nothing in that decision, or elsewhere, to support claimant’s contention that November 19, 1996, is a watershed mark serving as an accrual date for his causes of action. Indeed, the Court of Appeals noted that while the Court of Claims has denied jurisdiction to litigate constitutional wrongs, "it has frequently retained jurisdiction of claims seeking damages for constitutional torts in the past, albeit without discussion [citations omitted]” (Brown v State of New York, 89 NY2d 172, 182, supra). This language and the decision’s historical analysis are instructive, suggesting that the Court of Appeals intentionally avoided judicial activism, did not "create” new causes of action, and merely recognized that the Court of Claims has had jurisdiction over such claims since the enactment of the Court of Claims Act in 1939. Nonetheless, were I to rule that claimant’s claim accrued when the Brown decision was issued, not only this claimant, but potentially thousands of other aggrieved claimants would be able to initiate potentially stale claims from years past. I note that the Legislature, in enacting Court of Claims Act § 8-b, afforded aggrieved individuals whose claims would otherwise have accrued before enactment of the statute two years from the effective date to file their claims. Unlike that statutory provision, I am reviewing decisional law and do not have any declarations of legislative intent to guide *1005 me. Absent any such guidance, I am, as was the Court of Appeals inferentially by its silence, unwilling to open the door to persons whose claims would have otherwise accrued in years past. On that basis, I reject claimant’s argument that his cause of action accrued on November 19, 1996.
Having ruled that November 19,1996 is not the accrual date, the question remains, exactly when did the alleged constitutional torts accrue. Generally, a claim accrues when the act complained of or injury occurs (see, Ackerman v Price Waterhouse, 84 NY2d 535; Greene v Greene, 56 NY2d 86; McClurg v State of New York, 204 AD2d 999, lv denied 84 NY2d 806). It has also been held that a claim accrues "when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint [citations omitted]” (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94). To ascertain when these torts accrued, it is necessary to review the nature of the wrongs and the underlying allegations to determine precisely when the injuries occurred and were actionable.
Claimant’s first alleged constitutional cause of action is brought under article I, § 6 of the New York Constitution, New York’s Due Process Clause. I note that in Brown (supra), the Court of Appeals recognized the existence of causes of action under the Search and Seizure Clause and the Equal Protection Clause. Its decision left unresolved the question of whether other State constitutional provisions, such as the Due Process Clause, give rise to claims against the State. While it appears that the Due Process Clause is a "self-executing” provision which would, under the Brown analysis, likely render it one which would give rise to a claim against the State, I find that inasmuch as defendant raises a procedural objection relating to the question of accrual and not addressing the merits of such a cause of action, it is unnecessary at this time for the court to decide whether such a cause of action may be brought against the State. However, for the purpose of this analysis, I shall assume that there exists a cognizable cause of action for alleged due process violations and assume further that the subject claim sufficiently alleges such a cause of action.
Claimant contends that Trooper Castillo engaged in a variety of wrongs, all of which "deprived claimant of life, liberty, or property without due process of law.” Although classified by claimant as due process violations, it is clear from a review of the allegations that what is essentially alleged are a number of common-law torts and statutory wrongs for which there are existing civil or criminal remedies. In particular, claimant al *1006 leges that Trooper Castillo committed the following wrongful acts: false arrest and imprisonment; libel and slander; suborning and attempting to suborn perjury; intentionally and maliciously failing to preserve exculpatory evidence, and interrogating claimant in violation of his right to counsel.
Each of the alleged wrongs occurred and was completed during the period of time commencing with the date of the arrest (June 15, 1994) and ending with the date of conviction (Feb. 11, 1995). None of the alleged wrongs was of a continuing nature which would otherwise extend the accrual date beyond the date of conviction, and claimant was not under any disability which would have tolled the 90-day filing period (see, Court of Claims Act § 10 [5]). Further, unlike a cause of action for malicious prosecution which must await a favorable termination of the underlying prosecution, there is no similar condition precedent for these alleged wrongs and they are actionable upon the occurrence of the event. I see no basis for concluding that the cause of action upon which these wrongs is founded accrues upon reversal by the Appellate Term. Since no claim or notice of intention was filed within 90 days of accrual, this court lacks jurisdiction to hear that portion of his claim, and it must be dismissed.
Claimant’s remaining two causes of action merely repeat and reallege the allegations contained in the due process cause of action. Like the due process cause of action, they too must be dismissed for failure to timely file and serve a claim or notice of intention within 90 days of accrual as required by Court of Claims Act § 10.