■ DENISE H. CULLINAN et al., Respondents, v ANTHONY S. PIGNATARO et al., Appellants. [698 NYS2d 381] —Order insofar as

appealed from unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Denise H. Cullinan (plaintiff) when a chemical peel prescribed by Anthony S. Pignataro, M.D. (defendant doctor) was improperly applied to her face and neck at the office of defendant doctor by his assistant, Deborah Pignataro (defendant). The chemical peel treatment was one of several that defendant doctor prescribed for plaintiff to remove sun spots. Plaintiff was injured when, in administering the chemical peel treatment, defendant erroneously used an acid solution much stronger than that prescribed by defendant doctor. Defendants moved, *inter alia*, to dismiss the complaint as barred by the 2½-year Statute of Limitations applicable to medical malpractice actions (*see*, CPLR 214-a). Plaintiffs cross-moved to strike that defense on the ground that the complaint sounded in ordinary negligence rather than medical malpractice. Supreme Court denied that portion of defendants' motion seeking dismissal of the complaint as time-barred and granted plaintiffs' cross motion. That was error.

A complaint sounds in medical malpractice rather than ordinary negligence where, as here, the challenged conduct "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" to a particular patient (*Bleiler v Bodnar*, 65 NY2d 65, 72; *see, Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788; *Scott v Uljanov*, 74 NY2d 673, 674-675). Plaintiffs' contention that defendant doctor inadequately supervised or trained the office personnel who undertook the medical treatment does not change the gravamen of the complaint from malpractice to negligence (*see, Matter of Barresi v State of New York*, 232 AD2d 962, 963-964; *Perkins v Kearney*, 155 AD2d 191, 193). Because this action was commenced more than 2½ years after the alleged medical malpractice occurred, it must be dismissed as untimely (*see*, CPLR 214-a; *Smee v Sisters of Charity Hosp.*, 210 AD2d 966, 968). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Pleading.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.