■ ELFRIEDE TOEPP et al., Respondents, v MYERS COMMUNITY HOSPITAL, Defendant, and GRAHAM R. HUCKELL, Appellant. [721 NYS2d 177] —Order unanimously reversed on the law without costs, motion granted and amended complaint against defendant Graham R. Huckell, M.D. dismissed. Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Elfriede Toepp (plaintiff) when Graham R. Huckell, M.D. (defendant) inadvertently used a bandage containing a surgical or hypodermic needle while applying a cast to plaintiff's foot. The needle became lodged in plaintiff's foot, allegedly resulting in the development of osteomyelitis. Defendant moved to dismiss the complaint against him as barred by the 2½-year Statute of Limitations applicable to medical malpractice actions (*see,* CPLR 214-a). Plaintiffs opposed the motion on the ground that the amended complaint that had been served sounds in negligence, not medical malpractice. Supreme Court erred in denying defendant's motion.

A complaint sounds in medical malpractice rather than ordinary negligence where the challenged conduct "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*Bleiler v Bodnar,* 65 NY2d 65, 72; *see, Cullinan v Pignataro,* 266 AD2d 807, 808; *cf., Weiner v Lenox Hill Hosp.,* 88 NY2d 784, 788). Here, the challenged conduct "constituted an integral part of the process of rendering medical treatment" to plaintiff and therefore must be characterized as malpractice (*Scott v Uljanov,* 74 NY2d 673, 675). Because this action was commenced more than 2½ years after the alleged medical malpractice occurred, it must be dismissed against defendant as untimely (*see,* CPLR 214-a; *Cullinan v Pignataro, supra,* at 808). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.