■ JUDITH CUMMINS et al., Respondents, v DAVID L. MAR-CHETTI, M.D., Defendant, and QUEST DIAGNOSTICS, INC., et al., Appellants. [794 NYS2d 552]—

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 13, 2004 in a medical malpractice action. The order denied the motions of defendants Quest Diagnostics, Inc. and Peter Vasilion, M.D. seeking dismissal of the complaint as time-barred.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for the misdiagnosis of a tissue sample sent by the treating gynecologist of Judith Cummins (plaintiff), David L. Marchetti, M.D., to defendant Quest Diagnostics, Inc., (Quest). Defendant Peter Vasilion, M.D., a pathologist and employee of Quest, reported that the tissue sample was not indicative of cervical cancer. The sample was re-read by Vasilion at the request of Marchetti after plaintiff's cancer was diagnosed and treatment was commenced.

Supreme Court erred in denying the motions of Quest and Vasilion to dismiss the complaint as untimely pursuant to CPLR 214-a. Plaintiffs commenced this action more than two years and six months after the alleged misdiagnosis by Quest and Vasilion, and the re-reading of the tissue sample by Vasilion for purposes other than diagnosis or treatment did not implicate the continuous treatment doctrine and toll the statute of limitations with respect to Quest and Vasilion (see McDermott v Torre,

56 NY2d 399, 407-408 [1982]; *Waring v Kingston Diagnostic Radiology Ctr.*, 13 AD3d 1024, 1026 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski, Pine and Lawton, JJ.