The Supreme Court properly denied the motion of the defendant Regina E. Hammock for summary judgment dismissing the complaint insofar as asserted against her. The plaintiffs asserted that Hammock’s malpractice arose from her supervision of the medical care provided to the injured plaintiff, Baby Shajan, by the defendant Brian J. Janicek, a physician’s assistant. A physician-patient relationship may be created, and a physician may be held liable for medical malpractice, where a physician is responsible for supervising a health-care professional such as a physician’s assistant, and the physician inadequately supervises the health-care professional, thus causing or contributing to the inadequacy or impropriety of the care rendered by that health-care professional (see Education Law § 6542 [1], [3]; 10 NYCRR 94.2 [a], [f]; Matter of Barresi v State of New York 232 AD2d 962, 963-964 [1996]; see generally Cullinan v Pignataro, 266 AD2d 807 [1999]). Contrary to Hammock’s contentions, she failed to make a prima facie showing that no physician-patient relationship existed between herself and the injured plaintiff at the time of the alleged malpractice (see Sheppard-Mobley v King, 8 AD3d 358 [2004]; Wienk-Evans v North Shore Univ. Hosp. at Glen Cove, 269 AD2d 443 [2000]), *787 since she failed to establish that she was not responsible for supervising Janicek. Moreover, Hammock did not submit an expert’s affirmation in support of her motion. Accordingly, she also failed to establish, prima facie, that she did not deviate or depart from accepted medical practice in her supervision of the care rendered to the injured plaintiff by Janicek, or that any alleged departure was not a proximate cause of the injuries allegedly sustained by the injured plaintiff (see Sheppard-Mobley v King, 8 AD3d at 359; Wienk-Evans v North Shore Univ. Hosp. at Glen Cove, 269 AD2d 443 [2000]). Since Hammock failed to meet her prima facie burden, we need not consider the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Caggiano v Cooling, 92 AD3d 634 [2012]).
Accordingly, the Supreme Court properly denied Hammock’s motion for summary judgment dismissing the complaint insofar as asserted against her. Angiolillo, J.E, Florio, Belen and Roman, JJ., concur.
Motion by the respondents, on an appeal from an order of the Supreme Court, Queens County, entered March 30, 2011, to strike stated portions of the appellant’s reply brief, on the ground that they contain certain misstatements of fact. By decision and order on motion of this Court dated March 14, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for a determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion is denied. Angiolillo, J.E, Florio, Belen and Roman, JJ., concur.