Forbes v Caris Life Sciences, Inc. (2018 NY Slip Op 02086)





Forbes v Caris Life Sciences, Inc.


2018 NY Slip Op 02086


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


361 CA 17-01554

[*1]LORNA FORBES, AS EXECUTOR OF THE ESTATE OF HUGH FORBES, DECEASED, PLAINTIFF-RESPONDENT,
v
CARIS LIFE SCIENCES, INC., CARIS DIAGNOSTICS, INC., MIRACA LIFE SCIENCES, INC., AND MIRACA HOLDING GROUP, INC., DEFENDANTS-APPELLANTS. 






GOLDBERG SEGALLA LLP, SYRACUSE (AARON M. SCHIFFRIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered November 21, 2016. The order denied defendants' motion to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint is dismissed.
Memorandum: Plaintiff, as executor of the estate of Hugh Forbes (decedent), commenced this action asserting causes of action for fraudulent concealment, fraud, and medical malpractice arising from defendants' misdiagnosis of decedent's cutaneous T-cell lymphoma (hereafter, cancer). Plaintiff alleged in the amended complaint that decedent was suffering from a skin condition that included lesions and presented to a dermatologist in late September 2010. The dermatologist performed a skin biopsy that was then sent to defendants' laboratory for diagnostic examination (hereafter, first biopsy). Defendants subsequently generated a dermatopathology report dated October 4, 2010 indicating that the pathology was suggestive of psoriasis rather than cancer, but that additional sampling could be appropriate if the lesions persisted or new lesions arose. Decedent continued to treat with the dermatologist on at least 16 occasions until May 2012, during which time decedent's condition worsened, including the development of new lesions. In early February 2013, decedent was admitted to a hospital that performed a biopsy and thereafter diagnosed decedent with cancer.
The hospital also requested recuts of the first biopsy from defendants. After examining the recuts, the hospital prepared a report confirming that the cancer diagnosed by the hospital in February 2013 was present in the first biopsy performed in September 2010. The hospital sent a copy of its report dated March 8, 2013 to defendants, thereby providing them with notice of their misdiagnosis. Plaintiff alleged that defendants therefore knew about the misdiagnosis at that time and failed to disclose it to decedent or the dermatologist.
Plaintiff further alleged that, in early March 2014, plaintiff's attorney requested from defendants reports and recuts of the first biopsy. In response to the request, defendants performed a review pursuant to its internal procedures and prepared an addendum in April 2014 indicating that, contrary to the diagnosis in the original dermatopathology report, there was cancer present in the first biopsy. On April 23, 2014, defendants provided to plaintiff's attorney the original dermatopathology report and recuts, but failed to disclose the addendum even though defendants sent a copy thereof to the dermatologist. Plaintiff alleged that defendants fraudulently concealed and withheld the addendum from plaintiff's attorney, who did not see the addendum until the dermatologist's deposition was conducted in February 2016 in conjunction with a separate action commenced by decedent.
Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) and (7), and Supreme Court denied the motion. We reverse.
We agree with defendants that plaintiff's medical malpractice cause of action is time-barred. Although the legislature recently amended CPLR 214-a to provide, as relevant here, that an action based upon the alleged negligent failure to diagnose cancer may be commenced within 2½ years of when the plaintiff knew or reasonably should have known of the alleged negligent act or omission (see CPLR 214-a), the amendment is not effective for the dates of the alleged negligent acts and omissions in this case (see L 2018, ch 1, § 2). Plaintiff was thus required to commence her medical malpractice action within 2½ years of defendants' act or omission in misdiagnosing decedent's cancer in the October 4, 2010 dermatopathology report following their diagnostic examination of the first biopsy (see CPLR former 214-a; Cummins v Marchetti, 17 AD3d 1160, 1160-1161 [4th Dept 2005]; McClurg v State of New York, 204 AD2d 999, 1000-1001 [4th Dept 1994], lv denied 84 NY2d 806 [1994]). Inasmuch as the applicable limitations period expired on April 4, 2013 and plaintiff did not commence this action until May 3, 2016, the medical malpractice cause of action is untimely (see Cummins, 17 AD3d at 1160-1161).
Defendants further contend that plaintiff failed to state a cause of action for fraud or fraudulent concealment, and that they are not estopped from invoking the statute of limitations against plaintiff's medical malpractice cause of action. We agree. "The elements of a cause of action for fraud in connection with charges of medical malpractice are knowledge on the part of the physician of the fact of his [or her] malpractice and of [the] patient's injury in consequence thereof, coupled with a subsequent intentional, material misrepresentation by [the physician] to [the] patient known by [the physician] to be false at the time it was made, and on which the patient [justifiably] relied to his [or her] damage' " (Abraham v Kosinski, 305 AD2d 1091, 1092 [4th Dept 2003], quoting Simcuski v Saeli, 44 NY2d 442, 451 [1978]). "The damages resulting from the fraud must be separate and distinct from those generated by the alleged malpractice" (id. [internal quotation marks omitted]). Additionally, "a defendant may be estopped to plead the [s]tatute of [l]imitations where [the] plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (Simcuski, 44 NY2d at 448-449). However, "without more, concealment by a physician or failure to disclose his [or her] own malpractice does not give rise to a cause of action in fraud or deceit separate and different from the customary malpractice action, thereby entitling the plaintiff to bring his [or her] action within the longer period limited for such claims" (id. at 452).
Here, plaintiff alleged that defendants knew about the misdiagnosis when the hospital sent its report dated March 8, 2013 and that defendants fraudulently concealed the misdiagnosis by failing to disclose it to decedent or the dermatologist, which deprived decedent of an opportunity to commence a timely action for medical malpractice. That allegation is insufficient to state a cause of action for fraud or fraudulent concealment and to estop defendants from asserting its statute of limitations defense inasmuch as plaintiff "fail[ed] to set forth a misrepresentation beyond defendants' failure to disclose their own malpractice" (Atton v Bier, 12 AD3d 240, 241 [1st Dept 2004]; see Plain v Vassar Bros. Hosp., 115 AD3d 922, 923 [2d Dept 2014]). Contrary to plaintiff's related allegation, we conclude that defendants' purported violation of certain notification requirements pursuant to the federal Clinical Laboratory Improvement Amendments of 1988 (Pub L 100-578, 102 US Stat 2903 [100th Cong, 2d Sess, Oct. 31, 1988], amending 42 USC § 263a) and the regulations promulgated thereunder (42 CFR part 493), which do not create a private cause of action, cannot form a basis for liability against defendants (see Wood v Schuen, 760 NE2d 651, 658-659 [Ind Ct App 2001], transfer denied 783 NE2d 692 [Ind 2002]; see also Jewell v Pinson, 2005 WL 2105417, *4-6 [Mich Ct App 2005], lv denied 474 Mich 1111, 711 NW2d 749 [2006]).
Plaintiff further alleged that, despite preparing the addendum indicating that there was cancer present in the first biopsy in response to the request of plaintiff's attorney and sending that document to the dermatologist, defendants fraudulently concealed and withheld the addendum from plaintiff's attorney in late April 2014. We conclude that this allegation is insufficient to state a cause of action sounding in fraud because plaintiff cannot allege damages from the purported misrepresentation that are separate and distinct from those generated by the misdiagnosis. Inasmuch as decedent had been properly diagnosed with cancer a year prior to this purported misrepresentation, he "neither pursued ineffective or inappropriate treatment nor [*2]elected not to pursue appropriate treatment in reliance on the alleged fraudulent concealment . . . , and thus he was not deprived . . . of the opportunity for cure' " (Abraham, 305 AD2d at 1092; see Ross v Community Gen. Hosp. of Sullivan County, 150 AD2d 838, 841-842 [3d Dept 1989]; cf. Simcuski, 44 NY2d at 451-452). Morever, the statute of limitations on the medical malpractice cause of action had already expired when defendants failed to send the addendum to plaintiff's attorney in late April 2014 and, therefore, plaintiff cannot invoke the doctrine of equitable estoppel against defendants on that basis because the purported misrepresentation could not have prevented her from timely filing the action (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]; Clark v Ravikumar, 90 AD3d 971, 972-973 [2d Dept 2011]). Based upon the foregoing, we conclude that the court erred in denying defendants' motion.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court