Johnson v Auburn Community Hosp. (2022 NY Slip Op 07332)

Johnson v Auburn Community Hosp.

2022 NY Slip Op 07332

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

772 CA 21-01196

[*1]GREGORY K. JOHNSON, PLAINTIFF-RESPONDENT,
v
AUBURN COMMUNITY HOSPITAL, PATSY M. IANNOLO AND EASTERN FINGER LAKES EMERGENCY MEDICAL CARE, PLLC, DEFENDANTS-APPELLANTS. 

THORN GERSHON TYMANN AND BONANNI, LLP, ALBANY (ERIN MEAD OF COUNSEL), FOR DEFENDANT-APPELLANT AUBURN COMMUNITY HOSPITAL. 
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (GABRIELLE L. BULL OF COUNSEL), FOR DEFENDANTS-APPELLANTS PATSY M. IANNOLO AND EASTERN FINGER LAKES EMERGENCY MEDICAL CARE, PLLC.
HOFFMANN, HUBERT & HOFFMANN, LLP, SYRACUSE (TERRENCE J. HOFFMANN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeals from an order of the Supreme Court, Cayuga County (Gail Donofrio, J.), entered August 18, 2021. The order denied the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendant Auburn Community Hospital and dismissing the first cause of action against that defendant and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of defendants' medical malpractice and ordinary negligence. Plaintiff was examined by defendant physician Patsy M. Iannolo in the emergency department at defendant Auburn Community Hospital (hospital). Defendant Eastern Finger Lakes Emergency Medical Care, PLLC (EFL) managed that department. Ativan was administered to plaintiff pursuant to Iannolo's order. Approximately two hours later, Iannolo ordered that plaintiff be discharged. Plaintiff started driving himself home and, about half an hour after plaintiff was discharged, plaintiff's vehicle struck another vehicle and ultimately struck a nearby residence. The accident report listed possible causes for the collision as plaintiff's "falling asleep at the wheel" or suffering from "a medical condition." Plaintiff asserted causes of action sounding in medical malpractice and ordinary negligence, contending, inter alia, that defendants negligently discharged him from the hospital while he was under the effects of Ativan. Iannolo and EFL moved, and the hospital separately moved, for summary judgment dismissing the third amended complaint against them, and Supreme Court denied those motions. Iannolo and EFL jointly appeal, and the hospital appeals separately.
Contrary to defendants' contentions in both appeals, defendants failed to meet their initial burden on their motions with respect to the medical malpractice cause of action and, thus, the burden never shifted to plaintiff to raise a triable issue of fact in opposition (see generally Kubera v Bartholomew, 167 AD3d 1477, 1479 [4th Dept 2018]; Larsen v Banwar, 70 AD3d 1337, 1338 [4th Dept 2010]). Among other things, the evidence submitted by Iannolo and EFL raised issues of fact whether Iannolo deviated from the standard of care by discharging plaintiff at a time when the concentration of Ativan in his system was at or near its peak and while plaintiff was experiencing the effects of the medication, including drowsiness. Those submissions also raised issues of fact whether any such deviation was a proximate cause of plaintiff's injuries (see generally Kubera, 167 AD3d at 1479). Regarding the hospital's motion, the evidence that the hospital submitted raised issues of fact whether, inter alia, a nurse employed [*2]by the hospital deviated from the standard of care and committed an act of negligence independent of Iannolo (see generally Almonte v Shaukat, 204 AD3d 402, 403-404 [1st Dept 2022]; Lorenzo v Kahn, 74 AD3d 1711, 1712-1713 [4th Dept 2010]), by failing to explain the discharge instructions to plaintiff or advise him of the possible effects of Ativan, and whether any such deviation was a proximate cause of plaintiff's injuries (see generally Almonte, 204 AD3d at 403-404).
In its appeal, the hospital further contends that the court erred in denying its motion with respect to the negligence cause of action against it. We agree with the hospital, and we therefore modify the order accordingly. "A complaint sounds in medical malpractice rather than ordinary negligence where, as here, the challenged conduct [by a nurse] 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' to a particular patient" (Cullinan v Pignataro, 266 AD2d 807, 808 [4th Dept 1999], quoting Bleiler v Bodnar, 65 NY2d 65, 72 [1985]). Under the circumstances of this case, plaintiff's third amended complaint sounds in medical malpractice as alleged in his second cause of action, as opposed to ordinary negligence as alleged in his first cause of action (see generally Davis v South Nassau Communities Hosp., 26 NY3d 563, 571 [2015]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court