■ Doris De Sainz et al., Respondents, v City of New York et al., Appellants. — Order of Supreme Court, Bronx County (Alvin Klein, J.), entered November 5, 1982, which denied defendants' motion to dismiss the second cause of action, is unanimously reversed, on the law, without costs, and the motion is granted. ¶ Plaintiff sustained a colles fracture of her left wrist at Lincoln Hospital on January 16, 1978, as a result of being physically assaulted in the hallway leading to the executive office of the hospital by a patient who apparently had run amok. The fracture was set by closed reduction during an operation undertaken immediately at Lincoln. Further X rays taken at Lincoln revealed that the fracture had not set properly and a second corrective operation was performed on January 31, 1978. Plaintiff remained at Lincoln as an in-patient until February 2, 1978. She continued to experience pain and discomfort following this second operation, and was examined at Columbia-Presbyterian Hospital. Those X rays indicated that the wrist bones were still not properly aligned and plaintiff had yet a third operation on February 15, at Presbyterian Hospital. ¶ A notice of claim alleging negligent failure to supervise their patients was timely served and filed. However, a notice of claim alleging the medical malpractice, dated May 30, 1978, was not served until June 15, 1978. A summons and complaint was thereafter served in March, 1979, alleging three causes of action, the second of which is based upon the alleged medical malpractice. Defendants' answer, served April 3, 1979, asserts as an affirmative defense to that second cause of action, that plaintiffs "did not serve a timely notice of claim in respect of the malpractice action on defendants as provided in sect. 50-e of the General Municipal Law and section 7401 of the Unconsolidated Laws of NYS". ¶ Defendants thereafter moved to dismiss the second cause of action pursuant to CPLR 3211 or in the alternative, for summary judgment pursuant to CPLR 3212, asserting the untimeliness of the notice of claim and the failure of plaintiffs to seek leave to serve and file a late notice of claim pursuant to section 50-e of the General Municipal Law within one year and 90 days of the accrual of the malpractice cause of action. ¶ Special Term denied the motion. Applying the "continuous treatment" doctrine (*Borgia v City of New York,* 12 NY2d 151), it held that

"treatment [the surgery at Presbyterian Hospital] continued until at least February 15, 1978", and thus that "if the course of treatment continued, even if by a different doctor and/or hospital, to within 90 days of service of the notice of claim, the affirmative defense would fail." Although acknowledging that February 15 was "without the 90-day period", the court found that it was not clear how long afterward the plaintiff continued to receive treatment for the injury. This was error. ¶ It is too well established to require citation of authority that the timely service of a notice of claim is a condition precedent to the institution of an action against the City of New York and the Health and Hospitals Corporation. Section 50-e of the General Municipal Law, made applicable to this action by section 20 of the New York City Health and Hospitals Corporation Act (L 1969, ch 1016, as amd), requires that such service be made within 90 days from the time the claim arises. CPLR 214-a provides that except in respect to "continuous treatment" situations (*Borgia v City of New York*, 12 NY2d 151, *supra*) and "foreign object[s]" cases (*Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427), medical malpractice claims arise when the "act, omission or failure complained of" is committed (*Dobbins v Clifford*, 39 AD2d 1) and not when the negligence is discovered (*Schiffman v Hospital for Joint Diseases*, 36 AD2d 31). ¶ Not only did Special Term mistakenly find that an issue of fact exists as to whether there was "continuous treatment" beyond February 15, when plaintiff underwent a third operation at Presbyterian Hospital (there is neither evidence of any further treatment nor allegations of such) it erred in considering the treatment at Presbyterian as "continuous treatment" ascribable to these defendants. The rule of "continuous treatment" applies only to a relationship of care or treatment with the defendant physician or hospital for the same or related illness or injuries. (*Borgia v City of New York*, 12 NY2d 151, *supra; Davis v City of New York*, 38 NY2d 257, 259-260; *Fonda v Paulsen*, 46 AD2d 540.) Thus the treatment rendered to plaintiff by Presbyterian Hospital cannot be considered "continuous treatment" rendered by these defendants. Plaintiffs' causes of action arose therefore on February 2, 1978, and the service of the notice of claim on June 15 was beyond the 90-day period prescribed by section 50-e. Since plaintiffs have not sought leave to serve a late notice upon any of the grounds permitted by section 50-e and more than one year and 90 days has now elapsed, the second cause of action must be dismissed. (*Pierson v City of New York*, 56 NY2d 950.) ¶ The cause of action alleging medical malpractice must be dismissed as against the City of New York, in any event, since it is an entity separate and distinct from the Health and Hospitals Corporation which maintains and controls Lincoln Hospital, and thus is not a proper party. (See *Brennan v City of New York*, 59 NY2d 791, affg 88 AD2d 871; *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662; *Williams v City of New York*, 97 AD2d 372.) Concur — Kupferman, J. P., Asch, Silverman, Milonas and Alexander, JJ.