■ RUSSELL DILLER et al., Appellants, v LOUIS MUNCH-MEYER, Respondent.—Harvey, J. Appeal (1) from an order of the Supreme Court (Swartwood, J.), entered August 13, 1986 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

The sole issue on appeal is whether plaintiffs can successfully invoke the continuous treatment doctrine in order to avoid having their suit barred by the 2½-year Statute of Limitations applicable to medical malpractice actions (see, CPLR 214-a). Plaintiff Russell Diller (hereinafter plaintiff) last saw defendant for his heart condition in February 1982. He allegedly telephoned defendant's office on May 7, 1982 and received medical advice. Disgruntled with the treatment he was receiving, plaintiff went to Rochester for treatment on May 11, 1982 and, upon returning to Ithaca, started seeing another physician, Dr. Timothy Cardena. In June 1983, plaintiff was admitted to Tompkins Community Hospital. The hospital records indicate that plaintiff stated that Cardena was his doctor and that he was a *former* patient of defendant. Since Cardena was unavailable, plaintiff attempted to contact defendant's office. Defendant was not in, thus Dr. C. Judson Kilgore agreed to see defendant. Kilgore shares office space with defendant, although they are not partners. After being

discharged from the hospital, plaintiff continued to see Cardena and did not return to defendant's office.

Plaintiff commenced this medical malpractice action against defendant on November 26, 1984. Following discovery, defendant moved for summary judgment on the ground that the action was barred by the Statute of Limitations. Supreme Court granted the motion and this appeal ensued.

In order for plaintiff to bring defendant's alleged malpractice within the 2½-year Statute of Limitations period, Kilgore's treatment of plaintiff in June 1983 must be imputed to defendant and that treatment must be deemed a continuation of defendant's previous treatment.

We consider first whether Kilgore's treatment can be imputed to defendant. A doctor's treatment can be imputed to another doctor for purposes of the continuous treatment doctrine if the nexus between the two physicians is sufficient to impute liability (see, Ruane v Niagara Falls Mem. Med. Center, 60 NY2d 908, 909). Here, the record reveals that Kilgore and defendant share office expenses and cover for each other's patients. These facts do not establish a sufficient relationship between the physicians to impute liability (see, Hill v St. Clare's Hosp., 67 NY2d 72, 79), and thus it follows that plaintiff has failed to establish that Kilgore's treatment should be imputed to defendant.

We further note that even if we were to find the existence of a question of fact as to whether Kilgore's treatment could be imputed to defendant, we would find that the treatment rendered by Kilgore was intermittent and not a continuation of defendant's previous treatment of plaintiff (see, Davis v City of New York, 38 NY2d 257, 260; Barrella v Richmond Mem. Hosp., 88 AD2d 379). Plaintiff, in several places in the record, indicates that he had lost confidence in defendant, no longer considered himself defendant's patient, and only contacted defendant's office in June 1983 because his treating physician, Cardena, was not available. These facts reveal that plaintiff had terminated the patient-physician relationship by May 7, 1982 at the latest. Plaintiff's subsequent isolated contact with an individual sharing office space with defendant was insufficient to toll the Statute of Limitations (see, McDermott v Torre, 56 NY2d 399, 405-406).

Plaintiff's contention that the three-year Statute of Limitations should be applied to this action was not raised below, nor was it raised in this court until oral argument; thus, it is not properly before this court (see, e.g., Matter of Schiavone

*Constr. Co. v Larocca,* 117 AD2d 440, 444, *lv denied* 68 NY2d 610).

Order and judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.