■ THEODORE W. NEUMANN, JR., Doing Business as FALKIRK HOSPITAL, et al., Appellants, v METROPOLITAN MEDICAL GROUP, P. C., et al., Respondents.—Kane, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Hickman, J.), entered March 21, 1989 in Orange County, which partially denied plaintiffs' motion for leave to serve an amended complaint.

Falkirk Hospital was a proprietary facility licensed by the Commissioner of Mental Health to treat mental illness. Defendants comprised a professional services corporation which provided certain clinical and administrative services for plaintiffs pursuant to an exclusive long-term contract dated May 17, 1982. In September 1986, plaintiffs commenced this action alleging defendants' breach of the contract and seeking a variety of declaratory and injunctive relief. A judgment and an order granting defendants partial summary judgment and injunctive relief were subsequently entered and form the basis of separate appeals. By December 1988, plaintiffs had ceased operations as a licensed mental health facility. In January 1989, plaintiffs sought leave to amend their complaint to, *inter alia,* allege an additional claim that the contract at issue was terminated due to frustration of purpose. Supreme Court denied the motion but allowed other amendments consented to by defendants. Plaintiffs now appeal.

We affirm. While leave to serve an amended complaint should be freely granted *(see,* CPLR 3025), "the decision of whether to do so is committed to the discretion of the trial court and its exercise of that discretion will not be lightly set aside" *(Brown v Samalin & Bock,* 155 AD2d 407, 408). We initially note that plaintiffs have failed to submit an affidavit from someone with direct knowledge of the facts manifesting the merits of the requested amendments *(see, Mayo v County of Westchester,* 154 AD2d 516; *Sylvester v Stephens,* 148 AD2d 523, 524).

Moreover, "[a] proposed amendment which is devoid of merit should not be permitted, thereby obviating needless,

time-consuming litigation" *(Brown v Samalin & Bock, supra,* at 408; *see, Matter of Consolidated Edison Co. [Neptune Assocs.],* 143 AD2d 1012; *Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332). Here, the amendments to plaintiffs' complaint not consented to were properly denied as meritless. In particular, plaintiffs' cause of action seeking a declaration that the contract was terminated by frustration of purpose was correctly rejected, as the record demonstrates that the alleged "frustration", Falkirk Hospital's cessation of operations, was contemplated by the contract. Accordingly, the order should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.