■ RAYMOND C. MATHIESEN, Appellant, v LOREN T. MEAD et al., Respondents.—Weiss, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered February 7, 1990 in Greene County, which, *inter alia*, granted defendants' motions to serve an amended answer, and (2) from an order of said court, entered April 25, 1990 in Greene County, which, upon resettlement, *inter alia*, denied plaintiff's cross motion for summary judgment.

By deed dated September 5, 1983, defendants conveyed land in the Town of Jewett, Greene County, to plaintiff. In this action, plaintiff seeks enforcement of a written agreement allegedly made on March 5, 1982 in which defendants agreed to construct a road and supply electricity and power lines to the property within one year.[1] Defendants moved to serve an amended answer and to strike the note of issue filed by plaintiff, and cross-moved for summary judgment. The amended answer sought to assert a counterclaim for rescission of the deed, alleging that "plaintiff never signed the deed to cause the restrictions therein to become effective" and that "defendants were fraudulently induced to deliver the deed relying on the plaintiff's representation that he would abide by the restrictions".[2] Supreme Court granted defendants' motions and denied plaintiff's cross motion. Plaintiff now appeals.

Generally, leave to amend pleadings is freely given (CPLR 3025 [b]) and the decision of whether to do so is committed to the discretion of the trial court, the exercise of which will not lightly be set aside *(Neumann v Metropolitan Med. Group*, 161 AD2d 1106; *Brown v Samalin & Bock*, 155 AD2d 407). However, circumstances do arise when it is improvident for a court to grant leave to amend, e.g., if prejudice to the nonmoving party would result or if the amendment plainly lacks merit *(see, Bobrick v Bravstein*, 116 AD2d 682, 683), or when the

1. Neither the alleged agreement nor the complaint and original answer have been included in the record. This information has been gleaned from attorneys' affidavits and other instruments contained in the record and the briefs.

2. The record does not include either the contract of sale or other instrument in which defendants either required or requested plaintiff to join in the execution of the deed to perfect assumption of the restrictive covenants.

causes of action set forth in the amendment are palpably insufficient on their face *(Smith v Bessen,* 161 AD2d 847).

Our examination of this inadequate and deficient record requires us to reverse the granting of defendants' motions for leave to amend the answer. We note initially that the only affidavits in the record are from the attorneys who clearly lack personal knowledge of the facts. When seeking leave to amend a pleading, it is incumbent upon a movant to make "some evidentiary showing that the claim can be supported" *(Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135). There has been no showing that plaintiff was either obliged or requested to join in the execution of the deed to perfect his assumption of the restrictive covenants. Nor, for that matter, is there any reference in the deed itself to execution by the grantee, plaintiff herein, for any purpose. Nor has the proposed cause of action been shown to have merit. A proposed amendment which is devoid of merit should not be permitted *(Brown v Samalin & Bock, supra,* at 408).

In addition, defendant has failed to make the required showing of any reasonable excuse for the extensive delays in seeking leave to amend the answer. This action was commenced on March 21, 1987 and, at the very latest, defendants learned of the allegedly omitted signature when plaintiff was deposed on August 11, 1987. Yet defendants did not move for leave to amend until September 12, 1989, over two years later. In the absence of a reasonable excuse for such delay, it was improvident for Supreme Court to have granted the motion *(see, Alexander v Seligman,* 131 AD2d 528).

Finally, plaintiff's failure to submit the complaint with his cross motion for summary judgment renders the motion procedurally defective (CPLR 3212 [b]); accordingly, it was not error for Supreme Court to deny the cross motion without prejudice.

Orders modified, on the law, without costs, by reversing so much thereof as granted defendants' motions for leave to serve an amended answer; motions denied; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.