■ In the Matter of MATTHEW PURDY, Respondent, v AFTON CENTRAL SCHOOL DISTRICT et al., Appellants. [608 NYS2d 748] — Weiss, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered December 22, 1992 in Chenango County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On March 4, 1987, petitioner fell and struck his head against a door stopper while playing goalie in a game of pillow polo during the noon hour recreation period at his school. At the time he was 13 years of age and in eighth grade. According to petitioner, he left the game and saw the school nurse later in the day, but no treatment was rendered. The following day he sought treatment at the local hospital. Petitioner missed three weeks of school. His school cooperated with the submission of medical claim forms with the pupil benefits plan insurance. Ultimately, over an extended period of time, the plan paid $2,268.32 in benefits for unspecified medical expenses. At some point during his school career petitioner apparently had two spinal tap procedures, but this point was not directly addressed in his application for leave to serve a late notice of claim. On June 19, 1991, three days following his 18th birthday, petitioner underwent an operation for the fenestration of the right optic nerve sheath of the left eye with a diagnosis of chronic papilledema secondary to pseudotumor cerebri, which he alleges was related to the 1987 accident.

The instant application for permission to serve a late notice of claim was commenced by order to show cause dated July 17, 1992 and served on respondents on July 30, 1992. The application was made more than five years following the expiration of the statutory 90-day notice of claim period (see, General Municipal Law § 50-e). The application was timely due to the tolling of the one year and 90-day Statute of Limitations as a result of petitioner's infancy (see, CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Respondents have appealed from the order of Supreme Court granting the application.[1]

Initially, respondents contend that Supreme Court erred as a matter of law when it determined that petitioner had until 90 days following his 18th birthday to timely file a notice of claim without court permission. We agree. The 90-day notice of claim filing period is not tolled, rather only the time in which to apply for permission to serve a late notice of claim is tolled (*supra; Matter of Beary v City of Rye,* 44 NY2d 398). Accordingly, there was a four-year delay period during which the prejudice accruing to respondents was not attributed to petitioner, and for which the court did not consider petitioner's lack of excuse for delay. This failure becomes particularly

---

1. We note that petitioner's attorney has not filed a brief in opposition to this appeal but notified this Court that he "would rest on the record".

critical because Supreme Court also found that petitioner's excuses during the final year of delay were weak. On April 21, 1992, petitioner executed the papers prepared by his attorney and used to commence the application. Supreme Court found the delay from the date of execution to the date of service of the order to show cause, a period itself in excess of 90 days, to be unexcused. No attempt to indicate when prior to April 21, 1992 petitioner first consulted legal counsel is revealed in the record (see, Matter of Morgan v City of Elmira, 115 AD2d 885, 887, appeal dismissed 67 NY2d 905). Except for the diminishing effects of infancy which ended more than a year prior to petitioner's application, there is no excuse at all for the five-year delay (see, Matter of Schirripa v Birch Lane Elementary School, 154 AD2d 536).

While a recurrence of an otherwise dormant condition, thought to be minor and resolved, might excuse delay until the reoccurrence, it will not excuse the additional one year of delay. Here, however, petitioner, although vague as to specifics, contends that the original serious nature of the injury should have alerted respondents to their potential liability. Moreover, the record shows that petitioner and his family considered making a claim, but refrained because of their physician's wishes not to be involved in litigation, an excuse which is dubious at best.[2] It does, however, suggest an intentional decision not to proceed with a claim. There is no viable explanation for petitioner's delay (see, Matter of Gruber v City of New York, 156 AD2d 450; Matter of Salo v Board of Educ., 117 AD2d 922).

Another necessary factor to be considered on the application is whether the delay substantially prejudiced respondents in maintaining their defense on the merits. Regardless of petitioner's allegations concerning the negligent failure of respondents to properly investigate and document the incident and to properly treat him, it is clear that respondents had and have only limited knowledge of the actual events. The event was not treated as a potential liability claim and no investigation of the accident was made. Respondents have clearly demonstrated the loss of one witness considered by petitioner to be key, and because the incident did not occur in a scheduled class, they have no list of potential student witnesses. All students in junior high school at the time of the incident have graduated from high school prior to the time the application

2. A notice of claim would have accomplished its statutory function without necessitating that petitioner proceed with litigation.

was made. The teacher supervising the recreation period has no recollection of the occurrence. Clearly, those alleged by petitioner to be aware of the circumstances do not recall the incident and surrounding facts in the same manner as petitioner. Although Supreme Court labeled the problems as issues of proximate cause and veracity, there is clearly present an issue of the substantial prejudice resultant from the five-year delay (see, Matter of Sampson v Cazzari, 142 AD2d 681; Matter of Katz v Rockville Centre Union Free School Dist., 131 AD2d 574, lv denied 71 NY2d 801).

In light of the lack of excuse from petitioner and the significant prejudice accruing to respondents, the application should not have been granted.

Cardona, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.