■ SHERRY L. LAWYER, Respondent, v ALBANY MEDICAL CENTER HOSPITAL, INC., et al., Appellants. [668 NYS2d 244] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered January 7, 1997 in Albany County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered August 19, 1997 in Albany County, which, *inter alia*, denied defendants' cross motion for summary judgment dismissing the complaint.

Two issues are raised on this appeal—whether plaintiff's malpractice cause of action against her physicians was time barred and whether Supreme Court erred in granting plaintiff's cross motion to amend her complaint.

The action is based on the following events. Plaintiff received

treatment for her pregnancy from defendants Marla Eglow-stein and Paul Weinbaum who shared offices as employees of the Albany Medical College. Though Weinbaum was involved in her prenatal care, Eglowstein delivered her child by Cesarean section and performed a tubal ligation at plaintiff's request on February 19, 1993. Plaintiff complained to Eglow-stein of intense pain during her hospitalization. In early March 1993, plaintiff was informed by Eglowstein by phone that the pathology report indicated that ovarian tissue had been removed rather than tubal tissue. At her March 25, 1993 scheduled postnatal appointment, plaintiff decided to see Wein-baum and complained of increasing pain since her surgery, vaginal bleeding and frequent and unpleasant discharge, and registered concern at the test results from the attempt to tie the fallopian tube. Weinbaum, when questioned by plaintiff as to the pathology report, reassured her that Eglowstein had tied the fallopian tube. He conducted an internal examination and took a pap smear. Plaintiff was advised she would be contacted when the test results were received.

Plaintiff called Weinbaum in late April but her call was not returned. Defendants apparently received a cytology report on April 20, 1993. Plaintiff was not advised of the results thereof.

Plaintiff commenced this action by summons dated October 17, 1995 and complaint dated February 6, 1996.[1] Defendants moved for summary judgment on the ground that the 2½-year Statute of Limitations had expired. Plaintiff cross-moved to amend her complaint to allege continuous treatment by defendants until April 20, 1993. Weinbaum cross-moved for dismissal on the ground that the acts of Eglowstein could not be imputed to him for purposes of the continuous treatment doctrine. Supreme Court denied defendants' motion for sum-mary judgment,[2] granted plaintiff's cross motion to amend her complaint and struck Weinbaum's affirmative defense finding that there was a sufficient nexus between both physicians to impute treatment of one to the other for purposes of the continuous treatment doctrine. This appeal ensued.

Defendants contend that Supreme Court improvidently granted plaintiff's motion to amend her complaint. CPLR 3025 permits a party to seek leave of court to amend a pleading

---

1. In 1996, plaintiff underwent exploratory surgery which revealed that her right fallopian tube was unobstructed and that her right ovary was dam-aged and entangled in her bowel.

2. Supreme Court granted summary judgment dismissing the complaint as to Albany Medical Center Hospital from which ruling no appeal has been taken by plaintiff.

at any time, provided that prejudice would not result (CPLR 3025 [b]). Leave to amend is within the sound discretion of the trial court (*see, Newmann v Metropolitan Med. Group*, 161 AD2d 1106). Leave to amend should be freely given, absent prejudice to the non-moving party (*see, Fahey v County of Ontario*, 44 NY2d 934) or lack of merit (*Matter of Prendergast v Kingston City School Dist.*, 242 AD2d 773). We concur with Supreme Court's ruling. We find that the amendment is not plainly lacking in merit and no prejudice to defendants was demonstrated.

Defendants next contend that plaintiff's last treatment occurred, at the latest, on March 25, 1993 and that summary judgment should be granted for plaintiff's failure to commence an action against them within the $2\frac{1}{2}$-year statutory limit. It is settled law that a medical malpractice cause of action does not commence until the course of care or treatment has terminated (*see*, CPLR 214-a). We concur with Supreme Court that treatment extended to at least April 20, 1993, when the physicians received the results of the pap test ordered by Weinbaum during the March 25, 1993 office visit.

We find no merit to Weinbaum's contention that Eglowstein's alleged negligence cannot be imputed to him. Plaintiff was treated by both physicians during the course of her pregnancy. They shared office space and were both employed by Albany Medical College during the period in issue. These facts establish a sufficient nexus between the two physicians. Under the circumstances Supreme Court properly imputed the acts of one physician to the other for purposes of the continuous treatment doctrine.

Weinbaum's self-serving assertion that the tests ordered were not related to plaintiff's postsurgical treatment is insufficient to dispel the question of fact raised by his having ordered the tests as part of plaintiff's postnatal visit. The ordering of the tests evidenced an expectation by the physicians that the doctor/patient relationship would encompass a review of the tests and advising plaintiff of the results. Plaintiff's expectation of a follow-up was entirely reasonable. The record supports the finding of Supreme Court that treatment extended to April 20, 1993 or to the point in time that plaintiff's inquiry was not answered. The record demonstrates that this continuing treatment was anticipated (*see, Richardson v Orentreich*, 64 NY2d 896, 898-899) and was related to the actions alleged to constitute the physicians' malpractice.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs. [As amended by unpublished order entered Apr. 24, 1998.]