■ PLUMA D. KEITH et al., Respondents-Appellants, v ELAINE SCHULMAN et al., Appellants-Respondents. [696 NYS2d 514] —In an action to recover damages for medical malpractice, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Friedman, J.), dated June 19, 1998, as denied that branch of their motion pursuant to CPLR 3211 (a) (5) which was to dismiss the cause of action asserted by the plaintiff Pluma D. Keith, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (5) which was to dismiss the derivative cause of action asserted by the plaintiff Shirley Keith.

Ordered that the cross appeal by the plaintiff Pluma D. Keith is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the portion of the order cross-appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendants' contention, the Supreme Court did not err in concluding that the continuous treatment doctrine tolled the 2½ year Statute of Limitations for claims sounding in medical malpractice (*see,* CPLR 214-a). Here, the "continuing trust and confidence" which underlies the doctrine (*Richardson v Orentreich,* 64 NY2d 896, 898) did not end when the defendant doctor, Elaine Schulman, referred the plaintiff Pluma D. Keith to an eye specialist in order "to leave no stone unturned in [her] investigation of why [Pluma D. Keith's] visual loss occurred". The specialist's findings were disclosed to Schulman, who reviewed and evaluated the findings. Under these circumstances, the court properly concluded that Pluma D. Keith remained under the care and treatment of Schulman until the time that Schulman received the results of the specialist's examination (*see, McDermott v Torre,* 56 NY2d 399; *Miller v Rivard,* 180 AD2d 331).

The plaintiffs' claim that the portion of the order cross-appealed from effectively overruled a prior order made by a court of coordinate jurisdiction is of no avail since the doctrine of the law of the case does not bind an appellate court (*see, Post v Post,* 141 AD2d 518, 519; *Zappolo v Putnan Hosp. Ctr.,* 117 AD2d 597). We find that the derivative cause of action asserted by the plaintiff Shirley Keith was time-barred. Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.