■ RUBINS NOEL et al., Appellants, v MOHAMMED SHAHBAZ et al., Defendants, and JASON E. SCHOOLFIELD et al., Respondents. [711 NYS2d 752] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated June 3, 1999, as granted that branch of the motion of the defendants Jason E. Schoolfield and the New York City Transit Authority which was for summary judgment dismissing the first cause of action to recover damages for conscious pain and suffering insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The timely filing of a notice of claim was a condition precedent to the commencement of a tort action against the New York City Transit Authority and Jason E. Schoolfield (*see*, Public Authorities Law § 1212). The plaintiffs' failure to satisfy that condition requires dismissal of the first cause of action insofar as asserted against those defendants (*see, Perry v City of New York,* 238 AD2d 326).

Contrary to the plaintiffs' contention, an injured party's disability does not toll the 90-day notice of claim period, only the time in which to apply for leave to serve a late notice of claim (*see, Russo v City of New York,* 258 NY 344, 348; *Matter of Butler v Town of Ramapo,* 242 AD2d 570; *Matter of Purdy v Afton Cent. School Dist.,* 202 AD2d 776). Here, any disability ceased, at the latest, on August 26, 1994, when the injured party died. An application for leave to serve a late notice of claim for conscious pain and suffering was not made within one year and 90 days of that date (*see,* General Municipal Law § 50-i [1] [c]). Accordingly, the Supreme Court lacked the power to extend the time to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc (*see, Pierson v City of New York,* 56 NY2d 950; *Hey v Town of Napoli,* 265 AD2d 803; *Perry v City of New York, supra*, at 327; *Myrick v County of Suffolk,* 139 AD2d 633, 635). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.