■ RHONDA D. VENSON, as Administratrix of the Estate of SHARON DAVIS, Deceased, Appellant, v GRETA DAUN et al., Respondents. [717 NYS2d 6] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about September 30, 1999, which granted the motion of defendants Greta Daun, M.D., and New York Medical College for summary judgment dismissing the complaint as time-barred, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Contrary to the conclusion reached by Supreme Court, the " 'continuing trust and confidence' " that underlies the continuous treatment doctrine (*Richardson v Orentreich*, 64 NY2d 896, 898) did not end on October 12, 1989, when defendant, Dr. Daun, referred decedent to a radiologist for a mammogram (CPLR 214-a; *see*, *Irizarry v New York City Health & Hosps. Corp.*, 268 AD2d 321; *Keith v Schulman*, 265 AD2d 380; *Adams v Frankel*, 242 AD2d 595). In this regard, it is evident that the radiologist's report was to be disclosed to defendant Dr. Daun so that she could review it, evaluate the findings,

and recommend a course of treatment. This she in fact did on January 29, 1990 when she contacted the decedent, discussed the results of the report with her, and advised her to pick up the mammogram films, as well as a referral form, so that she could be seen by a surgeon (*id.*; *compare*, *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291).

Accordingly, since plaintiff demonstrated that decedent was continuously treated for her breast condition between October 12, 1989 and January 29, 1990, and the complaint was served within 2½ years of the last date of treatment, summary judgment was improperly granted. In view of this, we find it unnecessary to reach plaintiff's alternate argument that a 60-day extension to serve the complaint was authorized by CPLR 203 (b) (5) (i). Concur—Nardelli, J. P., Tom, Andrias, Buckley and Friedman, JJ.