In the Matter of RICHARD G. McCOY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [782 NYS2d 120]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Patterson, J.), dated May 7, 2003, as, upon determining that the continuous treatment doctrine was not applicable, in effect, denied that branch of their motion which was for leave to file a late notice of claim with respect to the causes of action accruing before December 4, 2001, and (2) so much of an order of the same court dated January 22, 2004, as denied that branch of their motion which was for leave to renew that branch of the prior motion which was for leave to file a late notice of claim.

Ordered that the order dated May 7, 2003, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings including resolution of all factual issues regarding applicability of the continuous treatment doctrine and for a new determination thereafter of that branch of the motion which was for leave to file a late notice of claim with respect to the causes of action accruing before December 4, 2001; and it is further,

Ordered that the appeal from the order dated January 22, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs commenced this action to recover damages for medical malpractice and loss of services. On March 4, 2003, they moved, inter alia, for leave to file a late notice of claim. The defendants did not oppose the motion to the extent that the relief granted was limited by General Municipal Law § 50-i to "alleged negligence or malpractice that occurred on or after December 4, 2001, the date one year and 90 days before this application was made." The defendants did not identify which, if any, of the plaintiffs' causes of action might be rendered untimely by this limitation. In reply, the plaintiffs asserted that

the grant of relief should not be so limited because alleged acts and/or omissions that occurred before the proposed period of limitation were part of a continuous course of treatment. By order dated May 7, 2003, the Supreme Court, inter alia, granted that branch of the motion which was for leave to file a late notice of claim "to the extent it relates to claims arising on or after December 4, 2001," and determined that the continuous treatment doctrine was not applicable. We reverse insofar as appealed from.

A motion for leave to file a late notice of claim must be made within one year and 90 days of when the cause of action accrues (*see* General Municipal Law §§ 50-e, 50-i; *Evans v Brookdale Hosp. Med. Ctr.,* 194 AD2d 642 [1993]). This period cannot be extended by the court (*see Pierson v City of New York,* 56 NY2d 950 [1982]; *Noel v Shahbaz,* 274 AD2d 381 [2000]). Thus, the Supreme Court properly granted that branch of the plaintiffs' motion which was for leave to file a late notice of claim only as to the causes of action accruing on or after December 4, 2001. However, the Supreme Court erred in determining that the continuous treatment doctrine was not applicable. Under the doctrine, a notice of claim period does not begin to run until "the course of treatment which includes the wrongful acts or omissions has run *continuously* and is *related* to the same original condition or complaint" (*Borgia v City of New York,* 12 NY2d 151, 155 [1962] [emphasis added]; *see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 296 [1998]; *Couch v County of Suffolk,* 296 AD2d 194 [2002]). Here, there exist questions of fact as to whether the doctrine is applicable (*see Young v New York City Health & Hosps. Corp., supra; Venson v Daun,* 277 AD2d 53 [2000]; *Keith v Schulman,* 265 AD2d 380 [1999]; *Adams v Frankel,* 242 AD2d 595 [1997]).

In light of this determination, the Supreme Court's denial of that branch of the motion which was for leave to renew is academic. Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.