■ Hope Little, Appellant, v Nassau Health Care Corp., Respondent. [790 NYS2d 465]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered March 5, 2004, which denied her motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is affirmed, with costs.

"General Municipal Law § 50-e provides for the exercise of discretion in determining whether to permit the service of a late notice of claim . . . In exercising its discretion, the court is to consider (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense on the merits" (*Matter of Allen,* 268 AD2d 520, 521 [2000] [citations omitted]). In addition, a motion for leave to serve a late notice of claim must be made within one year and 90 days of when the cause of action accrued (*see Matter of McCoy v City of New York,* 10 AD3d 724, 725 [2004]; *see also* General Municipal Law § 50-i). The Supreme Court has no authority to extend this limitations period (*see Matter of McCoy v City of New York, supra; Maldonado v City of New York,* 7 AD3d 582 [2004]; *Mazzola v Kelly,* 281 AD2d 604 [2001]; *Noel v Shahbaz,* 274 AD2d 381 [2000]). Here, the plaintiff conceded that her claim "arose beginning in or around 2000 when [she] presented to the [defendant's] Primary Care Clinic with those signs, symptoms and complaints indicative of Lyme disease." Thus, the instant action, which was not commenced until February 2004, was time-barred.

We reject the plaintiff's contention that, under the continuous treatment doctrine, her claim did not accrue until the date of her last visit to the defendant's facility on November 19, 2002. Under the continuous treatment doctrine, "a notice of claim pe-

riod does not begin to run until 'the course of treatment which includes the wrongful acts or omissions has run *continuously* and is *related* to the same original condition or complaint' " (*Matter of McCoy v City of New York, supra* at 725, quoting *Borgia v City of New York,* 12 NY2d 151, 155 [1962]). In other words, the continuous treatment doctrine is limited to "treatment for the same or related illnesses or injuries, continuing after the alleged acts of malpractice, not mere continuity of a general physician-patient relationship" (*Borgia v City of New York, supra* at 157). As the defendant correctly contended, the medical records show that the plaintiff's last visits to its facility in October and November of 2002 were not for the treatment of symptoms that she attributed to Lyme disease. Rather, they were for the specific purpose of treating a toothache, as well as an ankle sprain and hip injury which she allegedly sustained from an ice-skating accident.

The plaintiff's remaining contentions are without merit. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.