RoseAnn Bruno et al., Appellants, v Eugene J. Gosy, M.D., et al., Respondents, et al., Defendant. (Appeal No. 2.) [852 NYS2d 507]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered March 29, 2007 in a medical malpractice action. The order, among other things, upon reargument, adhered to the prior decision of the court in appeal No. 1.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion of defendants Eugene J. Gosy, M.D. and Dent Neurologic Group, P.C. and reinstating the complaint against them and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action on November 12, 1999, seeking damages for injuries sustained by RoseAnn Bruno (plaintiff) on May 2, 1997 at defendant CGF Health Systems, doing business as Millard Fillmore Hospital (Hospital). According to plaintiffs, defendant Eugene J. Gosy, M.D., a member of defendant Dent Neurologic Group, Inc., incorrectly sued as Dent Neurologic Group, P.C. (Dent), fractured plaintiff's leg while positioning plaintiff in order to administer an epidural steroid injection. Dr. Gosy and Dent (collectively, Dent defen-

dants) and the Hospital moved to dismiss the complaint against them as time-barred. Supreme Court treated defendants' motions as seeking summary judgment dismissing the complaint and, by the order in appeal No. 1, granted the motions. By the order in appeal No. 2, the court denied those parts of the subsequent motion of plaintiffs seeking leave to renew their opposition to the motions of the Dent defendants and the Hospital. By the latter order, the court also granted those parts of the motion of plaintiffs seeking leave to reargue their opposition to those motions but adhered to its prior decision upon reargument. We note at the outset that the order in appeal No. 2 supersedes the order in appeal No. 1 inasmuch as the court granted those parts of the motion of plaintiffs seeking leave to reargue their opposition to the motions, and plaintiffs' appeal from the order in appeal No. 1 is therefore dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). We further note at the outset that the court properly denied those parts of the motion of plaintiffs in appeal No. 2 seeking leave to renew, based on their failure to submit any new material that "would change the prior determination" (CPLR 2221 [e] [2]; *cf. Matter of Olsen v County of Nassau*, 14 AD3d 706, 707 [2005]).

We agree with plaintiffs that the court erred in granting the motion of the Dent defendants, and we therefore modify the order in appeal No. 2 accordingly. Although those defendants met their initial burden by establishing that more than 2½ years elapsed between the date of the alleged malpractice and the commencement of the action (*see Merriman v Sherwood*, 204 AD2d 998 [1994]), we conclude that plaintiffs raised an issue of fact with respect to the applicability of the continuous treatment doctrine and thus whether the statute of limitations was tolled. Plaintiffs submitted evidence establishing that Dr. Gosy received and reviewed radiology reports of X rays taken of plaintiff on May 12, 1997. That evidence raises an issue of fact whether plaintiff thereby placed her " 'continuing trust and confidence' " in Dr. Gosy to determine the cause of her increased pain and to recommend a course of treatment for it and thus whether the statute of limitations was tolled until that date (*Richardson v Orentreich*, 64 NY2d 896, 898 [1985]; *see Venson v Daun*, 277 AD2d 53, 53-54 [2000]; *Keith v Schulman*, 265 AD2d 380 [1999]; *see also Lawyer v Albany Med. Ctr. Hosp.*, 246 AD2d 800, 802 [1998]). We further conclude that plaintiffs also raised an issue of fact concerning the applicability of the continuous treatment doctrine inasmuch as it is unclear on the record before us whether Dr. Gosy's subsequent pain management treatment of plaintiff included treatment for plaintiff's fracture-related pain (*see McDermott v Torre*, 56 NY2d 399, 406 [1982]).

We conclude, however, that the court properly granted the Hospital's motion. The Hospital met its initial burden by establishing that more than 2½ years elapsed between the date of the alleged malpractice and the commencement of the action, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the contention of plaintiffs, there is no basis on this record to impute any subsequent treatment by Dr. Gosy to the Hospital (*see Ruane v Niagara Falls Mem. Med. Ctr.*, 60 NY2d 908, 909 [1983]; *Diller v Munchmeyer*, 130 AD2d 868, 869 [1987], *lv denied* 70 NY2d 605 [1987]; *De Sainz v City of New York*, 101 AD2d 746, 747 [1984]).

Finally, we reject the contention of plaintiffs that their claims against the Hospital for its alleged failure to provide adequate staff or to provide adequate training for its employees sound in ordinary negligence and are thus subject to a three-year statute of limitations. The Hospital's alleged failure to provide Dr. Gosy with the two nurses that regularly assisted him or otherwise to provide Dr. Gosy with a qualified assistant involves questions of medical judgment applicable to plaintiff's treatment and " 'bears a substantial relationship to the rendition of medical treatment' " by Dr. Gosy to plaintiff (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996]). Those claims therefore sound in medical malpractice (*see Cullinan v Pignataro*, 266 AD2d 807 [1999]; *Perkins v Kearney*, 155 AD2d 191, 193 [1990]; *cf. Bleiler v Bodnar*, 65 NY2d 65, 72-73 [1985]).

We have considered plaintiffs' remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.