■ HERIBERTO CONTRERAS and Another, Infants, by Their Mother and Natural Guardian, CANDIDA CONTRERAS, Also Known as THEODORA CONTRERAS, Respondents, v 357 DEAN

STREET CORP., Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (WYCKOFF GARDENS HOUSES CHILD HEALTH CLINIC), Appellant. [908 NYS2d 734]—

In an action, inter alia, to recover damages for medical malpractice, the defendant New York City Health and Hospitals Corporation (Wyckoff Gardens Houses Child Health Clinic) appeals from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated December 4, 2008, as granted those branches of the plaintiffs' motion which were to deem their late notice of claim on behalf of Anahy Contreras timely served nunc pro tunc, and for leave to serve a late notice of claim on behalf of Heriberto Contreras, and denied its cross motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, those branches of the plaintiffs' motion which were to deem the late notice of claim on behalf of Anahy Contreras timely served nunc pro tunc, and for leave to serve a late notice of claim on behalf of Heriberto Contreras are denied, and the cross motion of the defendant New York City Health and Hospitals Corporation (Wyckoff Gardens Houses Child Health Clinic) to dismiss the complaint insofar as asserted against it is granted.

Contrary to the Supreme Court's conclusion, the continuous treatment doctrine may not be invoked to toll the 90-day period for serving a notice of claim under the circumstances of this case (see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 268 [2002]; Ganess v City of New York, 85 NY2d 733, 736 [1995]; Little v Nassau Health Care Corp., 15 AD3d 359, 360 [2005]).

Moreover, the Supreme Court improvidently exercised its discretion in granting leave to serve a late notice of claim for the alleged medical malpractice and in deeming a late notice of claim timely served. While the plaintiffs are infants, "the factor of infancy alone does not compel the granting of a motion for leave to serve a late notice of claim" (Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]). Furthermore, the plaintiffs failed to satisfactorily explain their lengthy delay in seeking leave to serve a late notice of claim (see Matter of Barnes v New York City Health & Hosps. Corp., 69 AD3d 934, 934-935 [2010]; Contreras v KBM Realty Corp., 66 AD3d 627, 629 [2009]).

The plaintiffs also failed to show that the appellant had actual

notice of the essential facts underlying their claims within the requisite 90-day period, or within a reasonable time thereafter. "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on [the plaintiffs]" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *see Contreras v KBM Realty Corp.*, 66 AD3d at 629; *Matter of Ali v New York City Health & Hosps. Corp.*, 61 AD3d 860, 860 [2009]; *Rowe v Nassau Health Care Corp.*, 57 AD3d 961, 963-964 [2008]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d at 832). In addition, the plaintiffs failed to establish that the lengthy delay at issue did not substantially prejudice the appellant's ability to investigate the claims and maintain a defense on the merits (*see Contreras v KBM Realty Corp.*, 66 AD3d at 629; *Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1060 [2009]).

Accordingly, the balancing of factors under General Municipal Law § 50-e (5) militates against permitting service of late notices of claims or deeming late notices timely served nunc pro tunc in this case, and the Supreme Court should have denied the plaintiffs' request for this relief, and granted the appellant's cross motion to dismiss the complaint insofar as asserted against it (*see Williams v Nassau County Med. Ctr.*, 13 AD3d 363 [2004], *affd* 6 NY3d 531 [2006]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]).

In light of the foregoing, the parties' remaining contentions have been rendered academic. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.