Rech v Rech (2018 NY Slip Op 04890)





Rech v Rech


2018 NY Slip Op 04890


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


762 CA 17-01046

[*1]JENNIFER L. RECH, PLAINTIFF-RESPONDENT,
v
MICHAEL B. RECH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ZDARSKY, SAWICKI & AGOSTINELLI, LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
EVANS FOX LLP, ROCHESTER (MATTHEW M. PISTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Supreme Court, Monroe County (John M. Owens, A.J.), entered November 3, 2016. The order, among other things, found defendant in civil contempt of court. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, defendant appeals from an order that, inter alia, held him in civil contempt for failing to comply with an order that set forth the terms of his visitation with the parties' child, directed him to pay a fine, and modified his visitation with the child. In appeal No. 3, defendant appeals from an order denying his motion for leave to renew and reargue the motion and cross motion underlying the order in appeal No. 1. In appeal No. 2, defendant appeals from an order that granted in part plaintiff's motion seeking an order directing Janus Services LLC (Janus) to release to plaintiff funds held by Janus in the name of defendant in partial satisfaction of defendant's alleged indebtedness to her.
We reject defendant's contention in appeal No. 1 that Supreme Court erred in holding him in civil contempt and in punishing him with a fine. " A motion to punish a party for civil contempt is addressed to the sound discretion of the [hearing] court,' " and we conclude that the court did not abuse its discretion here (Matter of Moreno v Elliott, 155 AD3d 1561, 1562 [4th Dept 2017], lv dismissed in part and denied in part 30 NY3d 1098 [2018]). Plaintiff met her burden of establishing, by clear and convincing evidence (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]), that defendant violated the custody and visitation order then in effect, which required him to have visitation at the home of his mother, not to remove the child from Erie County under any circumstances, and to return the child to plaintiff at a designated time and location. The evidence further established that defendant's violation of the order unjustifiably impaired plaintiff's custodial rights (see generally Moreno, 155 AD3d at 1562). The court thus properly determined that defendant violated a lawful and unequivocal mandate of the court and thereby prejudiced plaintiff's rights (see Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382 [4th Dept 2015]). According due deference to the hearing court's credibility determinations, we conclude that the record supports the court's rejection of the defenses based on defendant's alleged inability to comply with the order or his alleged justification for failing to do so (see generally Cutroneo v Cutroneo, 140 AD3d 1006, 1008-1009 [2d Dept 2016]). Defendant's challenge to the amount of the fine is not preserved for our review inasmuch as defendant did not object at the hearing to the amount of fees requested or awarded (see generally Thompson v McQueeney, 56 AD3d 1254, 1259 [4th Dept 2008]).
Contrary to defendant's contention, the court properly determined in appeal No. 1 that the best interests of the child would be served by modifying defendant's visitation schedule and by providing that visitation be supervised at an agency (see Matter of Procopio v Procopio, 132 AD3d 1243, 1244-1245 [4th Dept 2015], lv denied 26 NY3d 915 [2015]; Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015]).
The order in appeal No. 3 is not appealable insofar as it denied that part of defendant's motion seeking leave to reargue (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). The court properly denied the motion to the extent that it sought leave to renew, inasmuch as defendant failed to submit any new material that "would change the prior determination" (CPLR 2221 [e] [2]; see Bruno v Gosy, 48 AD3d 1147, 1148 [4th Dept 2008]).
We agree with defendant's contention in appeal No. 2 that the court erred in granting in part plaintiff's motion for an order directing Janus to release to plaintiff funds held in defendant's name. The funds at issue are held by Janus in individual retirement accounts, and thus are exempt from application to satisfy a money judgment (see CPLR 5205 [c] [2]; Matter of Bank Leumi Trust Co. of N.Y. v Dime Sav. Bank of N.Y., 85 NY2d 925, 926 [1995]; Friedman v Turner, 135 AD3d 487, 487 [1st Dept 2016]). We therefore reverse the order in appeal No. 2 and deny plaintiff's motion.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court